```
 1                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF MISSISSIPPI
 2

 3
    UNITED STATES OF AMERICA       .      Cause No. 3:08CR89
 4                                 .
              Plaintiff            .      Oxford, Mississippi
 5                                 .      February 4, 2009
              v.                   .      11:55 a.m.
 6                                 .
    JEFFERY ROGERS                 .
 7                                 .
              Defendant            .
 8  . . . . . . . . . . . . . . . .

 9

10

11       WAIVER OF INDICTMENT / FILING OF INFORMATION
              PLEA AS TO COUNT 1 OF THE INFORMATION
12           BEFORE THE HONORABLE MICHAEL P. MILLS
                 U.S. CHIEF DISTRICT JUDGE
13

14

15  APPEARANCES:

16
    For the Government:      KATHLEEN J. MONAGHAN, ESQ.
17                           U.S. Department of Justice
                             601 D. Street NW
18                           5th Floor, Room 5339
                             Washington, DC 20004
19
    For the Defendant:       CHRISTI R. MCCOY, ESQ.
20                           Attorney at Law
                             1739 University Avenue PMB 252
21                           Oxford, Mississippi 38655

22  Court Reporter:          Rita Davis Sisk, FCRR, RPR
                             911 Jackson Avenue, Room 369
23                           Oxford, Mississippi  38865
                             (662) 416-2038
24
    Proceedings recorded by mechanical stenography, transcript
25  produced by computer.
```

1    (CALL TO ORDER OF THE COURT)

2    **THE COURT:** All right. Would you call the docket,
3 please.

4    **THE COURTROOM DEPUTY:** Court calls cause No.
5 3:08CR89, *United States of America v. Jeffery Rogers*. This is
6 a waiver of the indictment, filing of information and plea to
7 Count 1 of the information.

8    **THE COURT:** All right. Who speaks for the
9 Government?

10    **MS. MONAGHAN:** Kathleen Monaghan. With the Court's
11 permission, I'm joined at counsel table by Special Agent Walter
12 Henry with the FBI.

13    **THE COURT:** Glad to have you. And Ms. Monaghan, I
14 went all last week calling you Mooneyham; and you never
15 corrected me. So I was going to apologize to you the first
16 time I saw you.

17    **MS. MONAGHAN:** Thank you, Your Honor. It's
18 pronounced Monaghan.

19    **THE COURT:** Monaghan. Okay. Well, I was close.
20    And who do we have for the defendant?

21    **MS. MCCOY:** Your Honor, Christi McCoy for Jeffery
22 Rogers.

23    **THE COURT:** And are you ready to plead your client?
24    **MS. MCCOY:** We are, Your Honor.
25    **THE COURT:** If you would come forward, please.

```
 1        (PARTIES COMPLYING).
 2            THE COURT:  You want to administer the oath.
 3       (OATH ADMINISTERED BY THE COURTROOM DEPUTY).
 4            THE COURT:  Is this Jeffery Rogers?
 5            THE DEFENDANT:  Yes, sir.
 6            THE COURT:  And I'm told that you wish to waive
 7  indictment and plead guilty to a charge set forth in the
 8  information; is that correct?
 9            THE DEFENDANT:  Yes, sir.
10            THE COURT:  Has he signed a new waiver or do we need
11  to or --
12            MS. MCCOY:  We have a new one here, Your Honor.  With
13  the Court's permission, we were going to sign it.
14            THE COURT:  I'm going to ask you to sign it at this
15  time.
16        (Parties comply.)
17            MS. MCCOY:  Your Honor, throughout some of these
18  pleadings, it says J-e-f-f-r-e-y.  It's actually J-e-f-f-e-r-y.
19  I don't know if that makes a difference, but I wanted the Court
20  aware of that.
21            THE COURT:  It probably will at some point so we
22  probably need to fix that.  File this.
23            THE COURTROOM DEPUTY:  Yes, sir.
24            THE COURT:  Thank you.
25       All right, Mr. Rogers, before accepting your plea, there
```

1 are a number of questions that I must ask you.  And if you wish
2 to consult with your attorney at any time or if you don't
3 understand the question, you simply let me know, okay?
4        **THE DEFENDANT:**  Yes, sir.
5        **THE COURT:**  Do you understand that you're under oath
6 and that any of your answers to these questions are subject to
7 the penalties of perjury, that is, making a false statement
8 under oath if you do not answer them truthfully?
9        **THE DEFENDANT:**  Yes, sir.
10       **THE COURT:**  And what is your full name and age?
11       **THE DEFENDANT:**  Jeffery Wade Rogers, 34, sir.
12       **THE COURT:**  How far did you go in school?
13       **THE DEFENDANT:**  All the way through high school, sir.
14       **THE COURT:**  Are you currently under the influence of
15 any drug, medication, or alcoholic beverage of any kind?
16       **THE DEFENDANT:**  No, sir.
17       **THE COURT:**  Do you think you fully understand what is
18 happening here today?
19       **THE DEFENDANT:**  Yes, sir.
20       **THE COURT:**  Ms. McCoy, you have talked with your
21 client today and earlier, I presume.  Is that correct?
22       **MS. MCCOY:**  Yes, Your Honor.
23       **THE COURT:**  Do you have any questions about his
24 competency to enter a plea?
25       **MS. MCCOY:**  No, Your Honor, I do not.

1  **THE COURT:** Does the Government have any questions
2  regarding his competency to enter a plea?
3  **MS. MONAGHAN:** No, Your Honor.
4  **THE COURT:** Well, I find this defendant is competent
5  to enter a plea. Have you had ample opportunity to discuss
6  your case with your attorney?
7  **THE DEFENDANT:** Yes, sir.
8  **THE COURT:** Are you fully satisfied with the counsel,
9  representation, and advice given to you in this case by your
10 attorney?
11 **THE DEFENDANT:** Yes, sir.
12 **THE COURT:** Do you believe she has competently
13 represented your best interests in this matter?
14 **THE DEFENDANT:** Yes, sir.
15 **THE COURT:** Do you understand that under the
16 Constitution and laws of the United States you are entitled to
17 a trial by jury?
18 **THE DEFENDANT:** Yes, sir.
19 **THE COURT:** Do you understand that at trial you would
20 be presumed innocent of this charge, and the Government would
21 be required to prove you guilty beyond a reasonable doubt; and
22 you would not be required to prove your innocence?
23 **THE DEFENDANT:** Yes, sir.
24 **THE COURT:** Do you further understand that in the
25 course of the trial witnesses for the Government would have to

1  come into court and testify in your presence; your attorney
2  could cross-examine the witnesses for the Government and could
3  also call other witnesses to testify on your behalf?
4      **THE DEFENDANT:** Yes, sir.
5      **THE COURT:** Are you aware that if you wished to
6  testify yourself in your own defense you would have that right
7  to do so, but if you chose not to testify no inference or
8  suggestion of guilt would be drawn by you so choosing?
9      **THE DEFENDANT:** Yes, sir.
10     **THE COURT:** If you plead guilty here today and if I
11 accept your plea, do you understand that you are going to waive
12 your right to trial and the other rights I have just discussed
13 with you?
14     **THE DEFENDANT:** Yes, sir.
15     **THE COURT:** That means there will not be a trial, and
16 I will enter a judgement of guilty and sentence you on the
17 basis of your guilty plea after considering the pre-sentence
18 report.
19     **THE DEFENDANT:** Yes, sir.
20     **THE COURT:** Having discussed these rights with you,
21 is it still your desire to plead guilty to Count 1 of the
22 information?
23     **THE DEFENDANT:** Yes, sir.
24     **THE COURT:** Have you received a copy of the charge
25 against you?

1        **THE DEFENDANT:** Yes, sir.

2        **THE COURT:** And you understand that you're charged with deprivation of rights under color of law?

4        **THE DEFENDANT:** Yes, sir.

5        **THE COURT:** Before you could be found guilty of this charge, the Government would have to prove certain elements against you beyond a reasonable doubt.

8    Ms. Monaghan, will you read these elements into the record, please?

10       **THE DEFENDANT:** Yes, Your Honor, that the defendant was acting under color of law. That the defendant deprived the victim of a constitutionally protected right. In this case, it is the right to be free from deprivation of liberty without due process of law; and that when the defendant deprived the victim of his constitutional rights, the defendant did so willingly.

16       **THE COURT:** All right. Do you have any questions about this charge?

18       **THE DEFENDANT:** No, sir.

19       **THE COURT:** Do you understand that the maximum penalty you could be sentenced to in this case is not more than one year imprisonment, a $100,000 fine; one year supervised release; and a mandatory $25 the special assessment?

23       **THE DEFENDANT:** Yes, sir.

24       **THE COURT:** Do you understand those penalties?

25       **THE DEFENDANT:** Yes, sir.

1    **THE COURT:** Has anybody threatened you or forced you
2 to plead guilty?
3    **THE DEFENDANT:** No, sir.
4    **THE COURT:** Has there been a plea agreement entered
5 into?
6    **MS. MONAGHAN:** Yes, Your Honor, there has been.
7    **THE COURT:** Would you state into the record the
8 substance of the plea agreement, please.
9    **MS. MONAGHAN:** Yes, Your Honor. The defendant's
10 agreements: The defendant agrees to plead guilty to Count 1 of
11 the information which charges a misdemeanor violation of Title
12 18, United States Code, Section 242, deprivation of rights
13 under color of law, as Your Honor has addressed.
14   The defendant specifically agrees that he is pleading
15 guilty to this offense because he is indeed guilty of the
16 offense. In addition to pleading guilty, the defendant agrees
17 to resign from his law enforcement position, to surrender,
18 resign, terminate and/or relinquish his Peace Officer Standards
19 and Training Certificate, which is his law enforcement
20 certificate; and to never seek future employment in law
21 enforcement again.
22   The defendant also agrees that the Government reserves the
23 right to notify P.O.S.T. or the Mississippi Board of Standards
24 and Training of his relinquishment of his P.O.S.T.
25 qualifications. In addition, the parties have agreed that the

1  United States Sentencing Guidelines will apply, and that the
2  applicable sections of the guidelines that apply are Section
3  2H1.1 and 2A2.2 as laid out in the plea agreement.
4  　　　The parties, including the defendant, have agreed that all
5  relevant conduct -- the Government has the right to inform the
6  Court of all relevant conduct regarding this offense.  The
7  defendant also agrees and knowingly and voluntarily waives his
8  right to appeal or collaterally attack any matter in connection
9  with this prosecution, the defendant's conviction, the
10 components of the sentence to be imposed.
11 　　　The defendant is aware that Title 18, United States Code,
12 Section 3742 affords the defendant the right to appeal the
13 conviction and sentence imposed; but by entering into the plea
14 agreement with the United States, the defendant knowingly
15 waives any right to appeal his conviction or any sentence
16 imposed which is within or below the guideline range as
17 determined appropriate by this Court.
18 　　　Violations of the agreement:  The defendant understands
19 and agrees that in the event that the defendant breaches,
20 violates this plea agreement or otherwise fails to adhere to
21 its terms, all statements made by the defendant subsequent to
22 the execution of this agreement may be used against him in any
23 and all criminal proceedings.
24 　　　The defendant specifically waives his right under the
25 United States Constitution, any statutes, Federal Rules of

1  Criminal Procedure 11(F), Federal Rule of Evidence 410 or any
2  other federal rule that may pertain to the applicability of any
3  statements made by the defendant subsequent to the plea
4  agreement.
5      The defendant, as he's already stated, acknowledges that
6  he was represented by an attorney at all times during the
7  negotiation of this agreement; and he was satisfied with the
8  advice, counsel, and representation that he received.
9      In return for the defendant's agreements, the Government,
10 Your Honor, has agreed to, at sentencing, request that the
11 Court dismiss the indictment which was previously filed in this
12 case, to not file any additional charges against the defendant
13 arising out of the facts forming the basis of the present
14 indictment and to recommend the three level reduction in the
15 applicable offense level pursuant to United States Sentencing
16 Guideline Section 3E1.1.
17           **THE COURT:** All right. Thank you.
18      Mr. Rogers, you heard the prosecutor state her
19 understanding of the agreement that you entered into with the
20 Government. Did she accurately state it as you understand it
21 to be?
22           **THE DEFENDANT:** Yes, sir.
23           **THE COURT:** Ms. McCoy, do you agree with that?
24           **MS. MCCOY:** Yes, sir.
25           **THE COURT:** Has anybody made any promise as to what

1 sentence you will receive?
2    **THE DEFENDANT:** No, sir.
3    **THE COURT:** Has anybody tried to force you to plead
4 guilty?
5    **THE DEFENDANT:** No, sir.
6    **THE COURT:** Are you pleading guilty of your own free
7 will because you are guilty?
8    **THE DEFENDANT:** Yes, sir.
9    **THE COURT:** You understand -- and I believe this
10 is -- is it now a misdemeanor, Ms. Monaghan?
11    **MS. MONAGHAN:** That is correct, Your Honor.
12    **THE COURT:** All right. Have you talked with your
13 attorney about how the sentencing guidelines might apply to
14 your case?
15    **THE DEFENDANT:** Yes, sir.
16    **THE COURT:** And I understand that what we're pleading
17 to is a misdemeanor, so that means that you cannot have more
18 than one year imprisonment.
19    **THE DEFENDANT:** Yes, sir.
20    **THE COURT:** Ms. McCoy, I'm not going to discuss the
21 guideline portion of it. I assume you've explained it to him.
22    **MS. MCCOY:** That's fine. Yes, Your Honor.
23    **THE COURT:** And do you understand that parole has
24 been abolished; and that if you are sentenced to prison, you
25 will not be released on parole?

1  **THE DEFENDANT:** Yes, sir.
2  **THE COURT:** And do you understand under some
3  circumstances you -- well, I believe you've waived your right
4  to appeal; is that correct?
5  **THE DEFENDANT:** Yes, sir.
6  **THE COURT:** Was it the sentence or the conviction or
7  both?
8  **MS. MCCOY:** Both, Your Honor.
9  **THE COURT:** Do you understand that, Mr. Rogers?
10 **THE DEFENDANT:** Yes, sir.
11 **THE COURT:** What is the evidence against this
12 defendant?
13 **MS. MONAGHAN:** Your Honor, had this case gone to
14 trial, the Government would have established, via competent
15 evidence, all the required elements of the crime.
16     Specifically, the Government would have established on
17 June 9th, 2007, William Rogers, then a deputy sheriff for
18 Tippah County, Mississippi, pulled over J.H. for traffic
19 offenses, arrested him, and took him to the Tippah County jail.
20     While at the jail, J.H. was an obnoxious arrestee, cursing
21 at William Rogers, Jeffery Rogers, who was also then a deputy
22 sheriff for Tippah County; and the other officers present.
23     Williams Rogers and Jeffery Rogers became angry with J.H.,
24 took him to a secure area of the jail and placed him in an
25 isolation cell. Once in the isolation cell, William Rogers and

1  Jeffery Rogers each tasered J.H. repeatedly, without
2  justification to do so, until J.H. lost control of his bowels.
3  As a result of the unjustified tasering, J.H. suffered multiple
4  burns and contusions and significant physical pain.
5       **THE COURT:**  You have heard the prosecutor state the
6  evidence that she had to present against you on this particular
7  charge.  Did you do what she said you did?
8       **THE DEFENDANT:**  Yes, Your Honor.
9       **MS. MCCOY:**  And, Your Honor, if I may, in speaking
10 with Ms. Monaghan and with Mr. Rogers, I do want to point out,
11 obviously, when we attempted to do this before, there were some
12 other issues that we have -- have now been resolved.  Nothing
13 that is happening would affect guilt or innocence.
14      But I do want to point out -- in the paragraph where it
15 states that "William Rogers and Jeffery Rogers became angry
16 with J.H., took him to a secure area of the jail and placed him
17 in an isolation cell," I think it's important -- even at the
18 onset -- not only at sentencing, but at the onset of this --
19 for Your Honor to know that the taking of the prisoner to the
20 isolation cell was done by the orders of the sheriff, who was
21 actually on the phone at that time.
22      Mr. Jeffery Rogers was merely at the jail.  When Mr. Will
23 Rogers was ordered by the sheriff to take J.H. to the isolated
24 area, none of the other officers helped Mr. William Rogers; so
25 Mr. Jeffery Rogers, who was not involved in the arrest at all,

1 helped to escort him.

2 And I do want the record to be clear from the beginning 3 that the taking of J.H. to the isolation cell was not for the 4 purpose of punishment, that it was done through the order of 5 the sheriff.

6 **THE COURT:** Do you agree with that, Ms. Monaghan?

7 **MS. MONAGHAN:** The evidence in the case is that the 8 sheriff -- about 45 minutes before J.H. was taken to the cell, 9 the sheriff said, "Well, go ahead and put him in the cell." 10 William Rogers insisted on doing a Breathalyzer test on J.H. 11 before he was to be taken to the cell. So there was actually a 12 passage of a time of approximately 45 minutes. And it was 13 during those 45 minutes that, according to the Government's 14 evidence, both defendants, William and Jeffery Rogers, really 15 did become rather upset with J.H. because of the things that 16 J.H. was saying and, at that time, took him back to the 17 isolation cell.

18 And of course, I believe it is the Government's position 19 that the tasering was unjustified and indeed was done for 20 punishment purposes. But I understand that we will disagree 21 about that at sentencing.

22 **THE COURT:** Ms. McCoy?

23 **MS. MCCOY:** We don't contest that the tasering was 24 unjustified.

25 **THE COURT:** All right. Well, that's what we're going

1 to deal with.
2     Do you agree with that, Mr. Rogers, that the tasering was
3 unjustified?
4     **THE DEFENDANT:** Yes, sir.
5     **THE COURT:** And did you participate it in?
6     **THE DEFENDANT:** Yes, sir.
7     **THE COURT:** And was that of your own free will?
8     **THE DEFENDANT:** Yes, sir.
9     **THE COURT:** Is that sufficient, Ms. Monaghan --
10     **MS. MONAGHAN:** I believe that is sufficient to make
11 out the essential elements of the crime, Your Honor.
12     **THE COURT:** Okay. Do you agree with that, Ms. McCoy?
13     **MS. MCCOY:** Yes, Your Honor. Thank you.
14     **THE COURT:** All right. Well, I find that there is a
15 factual basis for you to plead guilty to this charge,
16 Mr. Rogers. Do you plead guilty or not guilty to Count 1 of
17 the information?
18     **THE DEFENDANT:** Guilty, sir.
19     **THE COURT:** It is the finding of the Court, in the
20 case of the *United States v. Jeffery Rogers*, that the defendant
21 is fully competent and capable of entering an informed plea;
22 that the defendant is aware of the nature of the charges and
23 the consequences of the plea; and that the plea of guilty is a
24 knowing and voluntary plea supported by an independent basis in
25 fact containing each of the essential elements of the offense.

1     Your plea is therefore accepted, and you are now adjudged
2  guilty of that offense.  Your sentencing will be 45 to 60 days
3  from now.
4     And I presume there's no problem with him remaining out on
5  the same bond?
6         **MS. MONAGHAN:**  That's correct, Your Honor; there's no
7  problem.
8         **THE COURT:**  Okay.  You'll remain on the same bond.
9  Do you wish to meet with him?
10        **MS. PETERS:**  I already have.
11        **THE COURT:**  Okay.  Is there anything further to take
12 up at this time?
13        **MS. MONAGHAN:**  There is, Your Honor.  It has to do
14 with materials to be produced to probation.  When I went back
15 and looked at probation's request, the Government has provided
16 all of our reports in the case to probation.
17     But I went back and looked at the request, and it had
18 "request of transcripts."  When I communicated with Ms. Peters
19 in probation to clarify what *transcripts* meant, we talked about
20 some grand jury transcripts; and she gave me her requirements
21 to whether or not she needed certain grand jury material.
22     And I believe there are two out of 13 transcripts that
23 meet her requirements.  And therefore, at this time, we would
24 request to the Court to be able to release the grand jury
25 transcripts to probation and, in the interest of fairness, of

1  course, to both defendants, Mr. William Rogers and Jeffery
2  Rogers.
3           **THE COURT:** Is there any problem with that?
4           **MS. MCCOY:** No, Your Honor.
5           **THE COURT:** Yes, we'll be glad to do that. Anything
6  else?
7           **MS. MCCOY:** Not from defense, Your Honor.
8           **THE COURT:** Anything from probation?
9           **MS. PETERS:** No, sir.
10          **THE COURT:** All right. If there's nothing else,
11 you're now excused; and the Court will be in recess. And to
12 the attorneys, I appreciate the way you've handled it.
13          **MS. MCCOY:** Thank you, Your Honor.
14          **MS. MONAGHAN:** Thank you, Your Honor.
15                (THE HEARING ENDED AT 12:10 p.m.)
16
                       C E R T I F I C A T I O N
17
      "I certify that the foregoing is a correct transcript from
18 the record of proceedings in the above-entitled matter, April
   28th, 2009."
19                            /s/ Rita Davis Sisk_____
                              RITA DAVIS SISK, RPR, BCR, CSR #1626
20                            Official Court Reporter